907 F.2d 397
 31 ERC 1648, 20 Envtl. L. Rep. 21,088
 UNITED STATES of America and State of New York, Plaintiffs-Appellees,
v.
COUNTY OF NASSAU and Nassau County Department of Public
Works, Defendant-Appellant.
 No. 1741, Docket 90-6146.
 United States Court of Appeals,
Second Circuit.
 Argued July 16, 1990.
Decided July 16, 1990.
 
 Leslie Gordon Fagen, New York City (Paul, Weiss, Rifkind, Wharton & Garrison, New York City, Robert W. Schmidt, County Atty. of Nassau County, Mineola, N.Y., of counsel), for defendant-appellant.
 Deborah B. Zwany, Asst. U.S. Atty., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty. E.D. New York, Robert L. Begleiter, Asst. U.S. Atty. Brooklyn, N.Y., of counsel), for plaintiff-appellee U.S.
 Ann L. Goldweber, Asst. Atty. Gen., Albany, N.Y. (Robert Abrams, Atty. Gen., Albany, N.Y., of counsel), for plaintiff-appellee State of N.Y.
 Natural Resources Defense Council, New York City (Sarah Chasis, Nina Sankovitch, New York City, of counsel), for amicus curiae Natural Resources Defense Council.
 Before: WINTER, MAHONEY and WALKER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Nassau County appeals from Judge Mishler's judgment of denial of the County's motion for modification of the August 2, 1989 Consent Decree and Enforcement Agreement requiring the County to construct dewatering facilities at one of its sewage treatment plants. Judge Mishler's opinion, familiarity with which is assumed, is reported at 733 F.Supp. 563 (E.D.N.Y.1990). We believe that whether the standards governing modification of a consent decree are liberal or stringent, the grounds argued by the County as a basis for modification are wholly speculative and insubstantial. The effect of the modification requested, moreover, would undermine the purpose of the decree. We therefore affirm for substantially the reasons stated by Judge Mishler.